UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIEDAD NUNEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 cv 00717 |
| ) | |
| FOX VALLEY AUTO MALL, ) | Judge Wayne R. Andersen |
| d/b/a FOX VALLEY SUZUKI ) | |
| and FOX VALLEY SUZUKI OF ) | Magistrate Judge Nan R. Nolan |
| OAKLAWN,INC., ) | |
| ) | |
| Defendant. ) | |

## PLANTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY LITIGATION AND COMPEL ARBITRATION

NOW COMES the Plaintiff, Piedad Nunez, by and through her attorneys, and moves this Honorable Court to enter an order denying Defendant's Motion to Stay Litigation and Compel Arbitration, and in support thereof states as follows:

1. Defendant correctly states that Plaintiff entered into an agreement to purchase from Fox Valley Suzuki Oak Lawn , Inc. a 2005 Kia Sedona ("truck"). See Defendant's Motion, ¶ 2. Defendant further states that "as part of the agreement, the plaintiff signed a purchase contract." See Defendant's Motion, ¶ 2.

2. Plaintiff did in fact sign the "purchase contract", a copy of which is attached to Defendant's Motion as "Exhibit A". The Defendant, however, cancelled said contract on September 13, 2008, when it took possession of the truck from Plaintiff. (See Amended Complaint, ¶ 20-24).

3. Specifically, according to the very "Rider" document provided by the Defendant to the Plaintiff during informal discovery, the agreement became "null and

void" on or around September 13, 2008 when the Defendant could not assign its right to the Agreement to a third party finance agency, and thus it took possession of the subject truck from the Plaintiff. Importantly, the arbitration agreement, the text of which is incorporated into the purchase contract executed among the parties, also became "null and void" at the time said truck was repossessed. (Exhibit A, "Rider" executed among parties stating that Contract shall be "null and void" should Seller not be able to sign its right in the contract to a sales finance agency).

4. The arbitration clause in the purchase contract is part of the purchase agreement, and the agreement is now "null and void" according to the terms of the "Rider" provided by the Defendant, since financing could not be obtained by the Seller for the Plaintiff, and the truck has been returned to the Seller. Defendant is thus urging this Court to enforce the terms of a void contract. Under Illinois law, a void contract has no effect, and thus Defendant's request to stay litigation and compel arbitration is unsupported by fact or law.

WHEREFORE, the Plaintiff, Piedad Nunez, prays this Honorable Court enter an order denying Defendant's Motion to Stay Litigation and Compel Arbitration, and for such other relief the Court deems appropriate.

                                         Respectfully submitted,

                                         PIEDAD NUNEZ

                                         By: <u>s/Mario Kris Kasalo</u>
                                         One of her Attorneys

Mario Kris Kasalo, Esq.
3025 W 26th St., Fl.2
Chicago, Il 60645
Tele 773.847.2600
Fax 773.847.0330