**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PIEDAD NUNEZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 cv 00717 |
| | ) | |
| **FOX VALLEY AUTO MALL, d/b/a** | ) | **Judge Wayne R. Andersen** |
| **FOX VALLEY SUZUKI and FOX** | ) | |
| **VALLEY SUZUKI OF OAKLAWN,** | ) | **Magistrate Judge Nan R. Nolan** |
| **INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO
STAY LITIGATION AND COMPEL ARBITRATION**

NOW COMES the defendant, FOX VALLEY AUTO MALL, INC., by and through its attorneys, Jensen & Palumbo, Ltd., and for its reply to the plaintiff's response to motion to stay litigation and compel arbitration, states as follow:

1. The plaintiff contends in her response to the motion to stay litigation and compel arbitration that because the purchase contract is allegedly null and void so too is the arbitration clause contained in the purchase contract. The plaintiff claims that a written rider (neither attached to nor mentioned in any regard in the amended complaint) signed by the plaintiff provides that the purchase contract[1] becomes null and void if the defendant is unable to assign its interest in the installment contract to a third-party finance company. In her response, the plaintiff alleges that the defendant was unable to assign its interest. And, the plaintiff alleges further that the defendant cancelled the purchase contract when it took possession of the subject vehicle after the purchase contract was signed by the plaintiff.

---

[1] The rider by its very terms is "part of the motor vehicle retail installment contract" and not the purchase contract.

1

2. The plaintiff does not attack the validity of the arbitration clause because it was the result of duress, fraud, inadequate consideration, or because the terms are unconscionable. The plaintiff believes that a contract dispute alleging the invalidity of the contract itself cannot be subject to an arbitration clause which is a part of the allegedly invalid contract. The plaintiff's argument is without merit. Under either Federal law or Illinois law, enforcement of the arbitration language in the purchase contract is proper in this case.

3. The Federal Arbitration Act, 9 U.S.C. §1 *e. seq.,* creates a strong federal policy favoring arbitration of disputes. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 977 (1983). The Arbitration Act applies to a written provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract." 9 U.S.C. §2. Under the purchase contract, the plaintiff agreed that the transaction evidenced a "transaction involving commerce" under the Federal Arbitration Act. The Arbitration Act provides that arbitration agreements, within its scope, "shall be valid, irrevocable, and enforceable." 9 U.S.C. §2.

4. Under §4 of the Arbitration Act, a federal court must stay litigation and order arbitration "once it is satisfied that the making of the agreement for arbitration or the failure to comply with the arbitration agreement is not in issue." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403 (1967) (quoting 9 U.S.C. §4). Further, courts "will not allow a party to unravel a contractual arbitration clause by arguing that the clause was part of a contract that is voidable…." *Colfax Envelope Corp. v. Local No. 458 Chicago Graphic Communications Int'l Union*, 20 F.3d 750,754 (7th Cir. 1994). "The party must show that the arbitration clause itself, which is to say the parties' agreement to arbitrate any disputes over the contract that might arise, is vitiated by fraud, or lack of consideration or assent…." *Id*. Where a dispute has its origin in an agreement that contains an arbitration provision, the court cannot decide the merits

2

of the dispute because the dispute arises out of the agreement and is subject to arbitration. *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 641-643 (7th Cir. 1993).

  5. Likewise, under Illinois law, "it is a well established principal that arbitration is a favored alternative to litigation by state, federal and common law because it is a speedy, informal and relatively inexpensive procedure for resolving controversies arising out of commercial transactions." *Board of Managers of the Courtyards at the Woodlands Condo. Assoc. v. IKO Chicago, Inc.*, 183 Ill.2d 66, 71, 697 N.E.2d 727 (1998). The Illinois Uniform Arbitration Act provides that "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist for the revocation of any contract…" 710 ILCS 5/1.

  6. Under Illinois law, the issue whether a contract to arbitrate exists must be determined by the court. *Aste v. Metropolitan Life Insurance Co.*, 312 Ill.App.3d 972, 982, 728 N.E.2d 629 (1st Dist. 2000). Under the Illinois Act, if "the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised..." 710 ILCS 5/2.

  7. In *Jensen v. Quik International*, 213 Ill.2d 119, 820 N.E.2d 462 (2004), the Illinois Supreme Court addressed the issue whether a dispute as to the existence of a contract between the parties was not subject to arbitration because it was an issue of law to be decided by the court. The Illinois Supreme Court stated that "if a party were allowed to avoid arbitration simply by alleging that no contract existed, it would be undermining public policy favoring arbitration, as almost any plaintiff can find some theory or claim upon which to allege that no contract existed, thereby avoiding arbitration." *Jensen*, 213 Ill.2d at 128-129.


8. In the instant case, the plaintiff in her response maintains that the arbitration provision is null and void because it is part of the purchase contract which she alleges is null and void. This argument has been rejected by the courts. The plaintiff does not attack in any manner the validity of the arbitration provision itself. The plaintiff has failed to raise any applicable contract defenses to invalidate the parties' agreement to arbitrate all disputes over the contract. The plaintiff's challenge to the existence of the entire purchase contract is an issue to be decided in arbitration.

9. The plaintiff voluntarily entered into an enforceable arbitration agreement. The parties agreed to be bound by the Commercial Arbitration Rules of the American Arbitration Association. It is clear that all of the claims asserted by the plaintiff in the amended complaint fall within the scope of the arbitration agreement. Enforcement of the arbitration provisions would not only reflect the parties' intent and obligations, but would further the policies of the Federal Arbitration Act and Illinois Act favoring arbitration.

WHEREFORE, the defendant, FOX VALLEY AUTO MALL, INC. prays this Honorable Court enter an order staying the instant litigation, compelling the plaintiff to submit all her claims contained in the amended complaint to binding arbitration without a jury trial and for such other relief the Court deems appropriate.

    Respectfully submitted,

    FOX VALLEY AUTO MALL, INC.

By:   s/John P. Palumbo
      One of its Attorneys

John P. Palumbo
JENSEN & PALUMBO, LTD.
221 North LaSalle Street, Suite 1600
Chicago, Illinois 60601
Telephone No. 312-445-5857
Fax No. 312-275-7184

## CERTIFICATE OF SERVICE

      I, John P. Palumbo, hereby certify that on March 5, 2010, a copy of the foregoing reply to plaintiff's response to motion to stay litigation and compel arbitration was filed electronically, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                By:    s/John P. Palumbo